**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

---

*Nemours Building*                            *(302) 573-6277*
*1007 Orange Street, Suite 700*              *FAX (302) 573-6220*
*P.O. Box 2046*
*Wilmington, Delaware 19899-2046*

March 27, 2007

The Honorable Joseph J. Farnan, Jr.
United States District Judge
District of Delaware
844 King Street
Wilmington, DE 19801

      Re:    **United States v.  Fredy Estuardo Velasquez**
              **Criminal Action No.   07-11-JJF**

Dear Judge Farnan:

      The defendant has agreed to change his plea pursuant to the enclosed  Memorandum of Plea Agreement.  An original, executed Memorandum will be submitted at the Change of Plea hearing, scheduled for Thursday, March 29, at 1:30 pm.

                                Respectfully submitted,

                                COLM F. CONNOLLY
                                United States Attorney

BY:                            

                                Ilana H. Eisenstein
                                Assistant United States Attorney

Enclosure

cc:    Edson A. Bostic
       Clerk, U.S. District Court

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,    :

       Plaintiff,    :

            :

v.           :    Criminal Action No. 07-11-JJF

            :

FREDY ESTUARDO VELASQUEZ,    :

            :

       Defendant.    :

### MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its

attorney, Ilana H. Eisenstein, Assistant United States Attorney for the District of Delaware,

and on behalf of and with the consent and knowledge of Colm F. Connolly, United States

Attorney for the District of Delaware, and the defendant, Fredy Estuardo Velasquez, by and

through his attorney, Edson A. Bostic, Esquire, the following agreement is hereby entered

into by the respective parties:

1.      The defendant, Fredy Estuardo Velasquez, agrees to plead guilty to Count One

of the Indictment charging him with reentry after deportation in violation of Title 8, United

States Code, Section 1326(a), which carries a maximum penalty of imprisonment of not more

than 2 years, a $250,000 fine, or both, 1 year of supervised release, and a $100.00 special

assessment.

2.      The defendant understands that the elements of the offense to which he is

pleading guilty are that: (a) the defendant is an alien; (b) the defendant was deported or

removed from the United States; (c) subsequent to his deportation or removal, the defendant

was found in the United States; (d) the defendant was knowingly present in the United States; and (e) neither the Attorney General of the United States, nor the Undersecretary for Border and Transportation Security, Department of Homeland Security, had consented to the defendant's reentry or such consent was not required.

3.    The defendant agrees to pay the $100 special assessment at the time of sentencing.

4.    Provided that the United States Attorney does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees to a two-level reduction under U.S.S.G. § 3E1.1(a) based on the defendant's conduct to date.

5.    The United States explicitly retains the right to make whatever recommendations at the time of sentencing that it believes are appropriate and to defend the rulings of the sentencing court upon appeal.

6.    The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. Section 3553(a) in determining an appropriate sentence.  It is likely that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines.  The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which is within, or which exceeds or falls below the sentencing range prescribed by the

sentencing guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea.

7.     It is further agreed by the parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification requirements of this paragraph.

COLM F. CONNOLLY
United States Attorney

_____
Fredy Estuardo Velasquez
Defendant

BY: _____
Ilana H. Eisenstein
Assistant United States Attorney

_____
Edson A. Bostic, Esquire
Attorney for Defendant

Dated:

     **AND NOW,** this ___ day of _____, 2007, the foregoing Memorandum of

Plea Agreement is hereby  (accepted) (rejected) by this Court.

                              _____
                              HONORABLE JOSEPH J. FARNAN, JR.
                              United States District Court Judge